**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

CHRISTOPHER ROBINSON
ADC# 164517 PLAINTIFF

v. 4:16CV00548-JM-JJV

A. ATKINS, Deputy,
Pulaski County Jail; *et al.* DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I. INTRODUCTION

Christopher Robinson ("Plaintiff") filed this action *pro se* and pursuant to 42 U.S.C. § 1983 (Doc. No. 2). He alleges, *inter alia*, that Defendants violated his constitutional rights by being verbally abusive and threatening, filing false disciplinaries, tampering with his mail and court documents, being deliberately indifferent to his serious medical needs, using excessive force, and exposing him to unconstitutional conditions of confinement. (*Id.* at 5-6.) After review of Plaintiff's Complaint, I find that he has failed to state a claim upon which relief may be granted.

## II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing

*pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

## III. ANALYSIS

Plaintiff has made broad sweeping allegations against seventeen defendants. He provides no dates for any of the alleged misconduct and names only *one* defendant - Scottie Thomasee - who actually did anything. (Doc. No. 2 at 5-6.) He alleges Defendant Thomasee threatened him, (*id.* at 5), but verbal threats and harassment and are not actionable. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983."); *Burton v. Livingston*, 791 F.2d 97, 101 n.1 (8th Cir. 1986) (an allegation that a prison guard used racially charged language in dealing with an inmate does not, in itself, give rise to an Equal Protection claim).

Plaintiff did provide copies of grievances and I have reviewed them closely. However, none of these grievances describe any conduct that could be construed as violating Plaintiff's constitutional rights. (*Id*. at 9-16.) The only document that provides a date and the names of the alleged offenders is an unsigned witness statement. (*Id.* at 8.) But the statement describes only verbal threats and harassment and, as previously noted, are not actionable.

On July 29, 2016, I cautioned Plaintiff his Complaint was deficient and offered him an

opportunity to amend. (Doc. No. 3.) I also warned him that failure to correct the deficiencies would result in a recommendation his Complaint be dismissed. (*Id.* at 1.) Plaintiff has made no attempt to amend his Complaint, so I recommend that this action be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 27th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."